UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
KEVIN JOHN SOLLITT                              :
                                                :   CASE NO. 1:09-CV-43
          Plaintiff,                            :
                                                :
vs.                                             :   OPINION & ORDER
                                                :   [Resolving Doc. No. 9.]
KEYCORP, et al.                                 :
                                                :
          Defendants.                           :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

All the parties to this action have jointly filed a proposed protective order. [Doc. 9.] For the reasons stated below, this Court **DECLINES** to grant the proposed protective order.

**I. Background**

The current lawsuit arises out of Plaintiff Sollitt's contention that Defendant KeyCorp wrongfully discharged him in violation of the public policy of the State of Ohio. As part of his claim, Sollitt argues that his termination for improper computer usage was pretextual and that he was actually fired because he objected to certain transactions and practices of KeyCorp's foreign exchange sales department. The parties now ask this Court to grant a proposed protective order that allows either party to designate any document as containing confidential information and sets out the procedures for designating and maintaining the confidentiality of any and all produced documents. [Doc. 9.]

Case No. 1:09-CV-43
Gwin, J.

## II. Legal Standard & Analysis

The Federal Rules of Civil Procedure vest a trial court with the authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." upon a showing of good cause. FED. R. CIV. P. 26(c). A trial court can, in its sound discretion, grant a motion for a protective order. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

In deciding whether to grant a protective order, a district court must balance the parties' competing interests and compare the hardships of granting or denying the request. *York v. Am. Med. Sys., Inc.,* No. 97-4306, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998). The movant bears the burden of demonstrating that the balancing of hardships weighs in his favor. *Nix v. Sword*, 11 Fed. Appx 498, 500 (6th Cir. 2001).

When deciding whether to grant a protective order, a district court must also remain aware that its discretion to issue protective orders is "limited by the careful dictates of [Federal Rule of Civil Procedure] 26 and 'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Procter & Gamble*, 78 F.3d at 227 (citing *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Unwarranted secrecy of court documents precludes the public's right to act as an important check on the judicial system's integrity. *Brown & Williamson.* 710 F.2d at 1179. For this reason, a presumption in favor of public access to judicial records exists. *See, e.g. In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).

Even if the parties agree to the terms of a protective order, the district court should not permit them "to adjudicate their own case based upon their own self-interest. This is a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson.*" *Procter &*

-2-

Case No. 1:09-CV-43
Gwin, J.

*Gamble*, 78 F.3d at 227. The district court "cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public. It certainly should not turn this function over to the parties . . . ." *Id.*; *see also Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).

To prevail on a request to seal information in a court's records, the movant must therefore make a specific showing that disclosure of the information would result in serious competitive or financial harm. *Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001).; *see also Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991); *Fed. Trade Comm'n v. Standard Mgt. Corp.*, 830 F.2d 404, 412(1st Cir. 1987); *Brown & Williamson*, 710 F.2d at 1180. The Court has adopted this requirement and therefore demands that the movant for a protective order show substantial personal or financial harm before the Court will seal any documents.

This Court operates as a public forum, not as a private dispute resolution service, *United States v. Ford*, 830 F.2d 596, 599 (6th Cir. 1987), that, in deciding whether to allow civil litigants to file records under seal, must consider "the rights of the public, an absent third party" to which the Court ultimately is accountable, *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985). Despite this fact, the parties in this case have jointly submitted an overbroad and wholly unspecific proposed protective order. The proposed protective order does not specify which documents the parties desire to designate as confidential or explain why the public dissemination of the allegedly confidential information would cause either party substantial personal or financial harm. Therefore, the parties have failed to carry their burden in the instant motion. *See Tinman*, 176 F. Supp. 2d at

-3-

Case No. 1:09-CV-43
Gwin, J.

745.

### III. Conclusion

For the above mentioned reasons, the Court **DECLINES** to grant the proposed protective order.

IT IS SO ORDERED.


Dated: February 11, 2009        s/    *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE