UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO

-------------------------------------------------------

KEVIN JOHN SOLLITT            :
                                                        :        CASE NO. 1:09-CV-43
        Plaintiff,       :
                                                        :
vs.                                                      :        OPINION & ORDER
                                                       :        [Resolving Doc. Nos. 17.]
KEYCORP, *et al.*           :

        Defendants.      :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       On January 8, 2009, Plaintiff Kevin John Sollitt filed a Complaint against Defendants KeyCorp, KeyBank, N.A., and XYZ Corporations 1-10 (collectively, the "Defendants") in this Court, arguing that KeyCorp wrongfully discharged him in violation of Ohio public policy. [Doc. 1-A.] On February 23, 2009, Plaintiff Sollitt filed the present motion to compel discovery pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. [Doc. 17 at 1.]

       Because Sollitt contends that his termination for alleged violations of KeyCorp's Electronic Communications Use Policy was pretextual and that other, similarly situated employees were not fired for such violations, he asks the Court for an order compelling KeyCorp to answer interrogatories and to produce documents relating to KeyCorp's monitoring of its employees' electronic communications usage and to any terminations resulting from violations of KeyCorp's Electronic Communications Use Policy. [*Id.* at 2.] The Defendants have not responded to the Plaintiff's motion.

Case No. 1:09-CV-43
Gwin, J.

For the following reasons, the Court **GRANTS** the Plaintiff's motion to compel discovery.

## I. Legal Standard

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. FED. R. CIV. P. 26(b)(1). Rule 26 of the Federal Rules of Civil Procedure also explains that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A party may request documents that are in the "possession, custody, or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Rule 37 enables parties to petition the court for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The rule also provides for sanctions against parties that do not cooperate with discovery. *Id.* Specifically, Rule 37(a)(2)(B) enables a court to enter an order "compelling an answer, or a designation, or an order compelling inspection in accordance with the request" for failure to respond to a Rule 33 interrogatory. *Id.*

## II. Discussion

*A. The Potential Relevance of the Requested Information*

The Sixth Circuit has noted that a "discovery request is generally unobjectionable 'if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'" *Marshall v. Bramer,* 828 F.2d 355, 358 (6th Cir. 1987) (quoting Fed. R. Civ. P. 26(b)(1)). Rule 26 is to be liberally construed to permit broad discovery. *See U.S. v. Leggett & Platt, Inc.,* 542 F.2d 655, 657 (6th Cir. 1976) (commenting that the "Federal Rules of Civil Procedure authorize 'extremely broad' discovery").

While this Court is not convinced that all of the materials sought by Plaintiff Sollitt will be admissible at trial, the Court finds that the requested information is either relevant or likely to lead

Case No. 1:09-CV-43
Gwin, J.

to admissible evidence under the liberal discovery test of Rule 26. The Plaintiff seeks information and documents relating to KeyCorp's monitoring of its employees' computer usage and to any terminations resulting from violations of KeyCorp's Electronic Communications Use Policy. This discovery is directly relevant to establishing the Plaintiff's claim of wrongful discharge in violation of Ohio public policy and particularly relates to his argument of pretext. Thus, while some of the information sought by the Plaintiff may not ultimately be admissible at trial, this Court finds that the Plaintiff's request for information is reasonably calculated to lead to the discovery of admissible evidence.

*B. The Defendants' Custody or Control Over the Requested Information*

Rule 34 of the Federal Rules of Civil Procedure establishes that a party may request documents from another party so long as the materials are in the "possession, custody, or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). The "custody or control" standard for production of documents does not imply that the party must have actual possession of the materials. Rather, the mere "legal right to obtain the documents on demand" constitutes sufficient possession for the purposes of discovery. *See In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995).

In this case, the Court finds that much of the information sought by Plaintiff Sollitt is in the custody or control of the Defendants, or is at least readily obtainable by them on demand. The Plaintiff indicates that many of the materials requested have already been gathered and acquired by KeyCorp in the form of "investigative files." [Doc. 17 at 8.] Further, the Plaintiff seeks information regarding KeyCorp's monitoring of its own employees' computer usage, as well as information regarding employment actions that KeyCorp took with respect to its own employees. The Court

Case No. 1:09-CV-43
Gwin, J.

finds that such information should be readily available or obtainable by the Defendants and must be provided to the Plaintiff pursuant to Rule 26 of the Federal Rules of Civil Procedure.

### III. Conclusion

For the above reasons, this Court **GRANTS** Plaintiff Sollitt's motion for an order compelling the Defendants to produce written responses to interrogatories and documents relating to KeyCorp's monitoring of its employees' computer usage and any terminations resulting from violations of KeyCorp's Electronic Communications Use Policy. The Court therefore orders the Defendants to immediately produce any of the requested materials that are within its custody or control, as broadly construed by this Court, including (1) answers to interrogatories No. 6-9 of the Plaintiff's first set of combined discovery requests (served on January 19, 2009); (2) responses to requests No. 8-9 of the Plaintiff's first set of requests for production of documents (filed with the Complaint); (3) complete copies of the "investigative files" referenced by Defense counsel during the Local Rule 37.1 telephone conference; and (4) responses to requests No. 4 and 6 of the Plaintiff's first set of combined discovery requests (served on January 19, 2009).

If the Defendants are unable to comply with the discovery order as to any documents over which it lacks possession, the Court will require them to submit a brief specifically establishing (1) their lack of custody or control over the requested information; (2) the entity in possession of such materials, if known; and (3) the steps taken by the Defendants to obtain such information and provide it to the Plaintiff. While the Court does not presently find that expenses and fees should be awarded to the Plaintiff, the Court will consider imposing Rule 37 sanctions if the Defendants do not demonstrate good faith in attempting to fully comply with this order to compel discovery.

IT IS SO ORDERED.

Case No. 1:09-CV-43
Gwin, J.

Dated: March 16, 2009          s/ *James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE