UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                        :
KEVIN JOHN SOLLITT                      :
                                        :      CASE NO. 1:09-CV-43
                    Plaintiff,          :
                                        :
vs.                                     :      OPINION & ORDER
                                        :      [Resolving Doc. Nos. 43, 62 & 64.]
KEYCORP, *et al.*                       :
                                        :
                    Defendants.         :
                                        :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       With this opinion and order, the Court resolves Plaintiff Kevin John Sollitt's motion for an

order finding that Defendants KeyCorp and KeyBank, N.A. (collectively, the "Defendants") lack an

overriding business justification for the Plaintiff's termination. [Docs. 43, 64.] For the following

reasons, the Court **DENIES** the Plaintiff's motion.

## I.  Background

       With this lawsuit, Plaintiff Sollitt contends that Defendant KeyCorp wrongfully discharged

him in violation of the public policy of the State of Ohio.  As part of his claim, Sollitt argues that his

termination for improper computer usage was pretextual and that he was actually fired because he

objected to certain transactions and practices of KeyCorp's foreign exchange sales department.

       Though his motion for an order finding that the Defendants lack an overriding business

justification for the Plaintiff's termination, the Plaintiff asks the Court to (1) issue an order finding

that the Defendants lacked an overriding business justification for terminating the Plaintiff; or (2)

Case No. 1:09-CV-43
Gwin, J.

in the alternative, order that the Defendants cannot introduce any evidence in support of their claim that they had an overriding business justification for terminating the Plaintiff. The Plaintiff also requests that the Court award sanctions against the Defendants, including, but not limited to, the denial of any forthcoming summary judgment motion. The Plaintiff bases this motion on his contention that Defendant KeyCorp intentionally produced a Rule 30(b)(6) designee – Employment Relations Specialist Liane DiGiandomenico – who was unprepared and willfully ignorant with regard to many aspects of the Defendants' defense (the existence of an overriding business justification for Sollitt's termination) in this case.

## II. Legal Standard

### A. Federal Rule of Civil Procedure 30(b)(6)

Federal Rule of Civil Procedure 30(b)(6) states as follows:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

### B. Federal Rule of Civil Procedure 37(b)(2)(A)

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), a court can impose sanctions or other penalties against a 30(b)(6) witness for failing to obey an order to provide or permit discovery.

## III. Analysis

Case No. 1:09-CV-43
Gwin, J.

The Court denies Plaintiff Sollitt's motion for an order finding that the Defendants lack an overriding business justification for the Plaintiff's termination for two reasons.

First, the Court finds that the Rule 30(b)(6) notice in this case was broad and unspecific.  In particular, the Rule 30(b)(6) notice never explicitly suggested that the witness needed to be able to testify why other KeyCorp employees who had received pornographic e-mails were not fired while Plaintiff Sollitt was fired.[1]  Sollitt cannot argue that witness DiGiandomenico was not properly designated as the Rule 30(b)(6) witness and that she was unprepared when Sollitt never gave notice that he intended to question the witness regarding (1) the technical details of KeyCorp's monitoring of employee e-mails for pornography; and (2) the rationale for the discipline imposed on KeyCorp employees with whom DiGiandomenico had no involvement.  There is no evidence that the witness was deficient in addressing the five categories of questions that were specified in the notice.

Second, and perhaps more importantly, the Court finds improper the filing of the Plaintiff's motion at this point in the litigation.  The deposition of DiGiandomenico was completed on March 19, 2009.  The Plaintiff never notified the Court of any ongoing issues in connection with the deposition or the Rule 30(b)(6) compliance and, necessarily, failed to make a sincere and good faith effort to resolve this dispute, as required by Local Rule 37.1.  Instead, the Plaintiff waited for more than three months and, coincidentally, filed this motion on the same day that the summary judgment filings were due.  As a result, the Court denies the Plaintiff's motion and declines to award sanctions

---

[1]The Rule 30(b)(6) notice directed that the witness needed to be familiar with the following areas: (1) All facts and circumstances related to the monitoring of Kevin Sollitt's email as explained in August 21, 2008 letter from Liane DiGiandomenico to Mr. Sollitt regarding his termination.; (2) All facts and circumstances surrounding any similar monitoring conducted on any KeyCorp employee (and/or employee of any other affiliated entities); (3) All facts and circumstances surrounding any similar monitoring of the e-mail accounts of Richard Owens, Denise Shade, Flavio Giust, and Tom Bunn; (4) KeyCorp's security standards relating to information technology and electronic communications; and (5) Any and all information deemed to be violative of KeyCorp's Electronic Communications Use Standard CS32.03. [Doc. 62-2 at 2-3.]

Case No. 1:09-CV-43
Gwin, J.

in connection with the motion.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff Sollitt's motion for an order finding

that the Defendants lack an overriding business justification for the Plaintiff's termination.


IT IS SO ORDERED.


Dated: August 3, 2009                              s/          *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED   STATES   DISTRICT   JUDGE

-4-