UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
KEVIN JOHN SOLLITT :
: CASE NO. 1:09-CV-43
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 59.]
KEYCORP, *et al.* :
:
       Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this opinion and order, the Court resolves Plaintiff Kevin John Sollitt's motion to strike the declaration of Laura Haskins. [Doc. 59.] For the following reasons, the Court **GRANTS** the Plaintiff's motion and orders that Laura Haskins's declaration be stricken.

**I. Background**

With this lawsuit, Plaintiff Sollitt contends that Defendant KeyCorp wrongfully discharged him in violation of the public policy of the State of Ohio. As part of his claim, Sollitt argues that his termination for improper computer usage was pretextual and that he was actually fired because he objected to certain transactions and practices of KeyCorp's foreign exchange sales department.

Sollitt bases his current motion to strike the declaration of Laura Haskins on the following contentions: (1) the declaration is directly contrary to sworn testimony provided by Defendant KeyCorp's Rule 30(b)(6) designee; (2) Haskins was not previously identified as a person with knowledge; and (3) Haskins's testimony represents after acquired evidence, an affirmative defense

Case No. 1:09-CV-43
Gwin, J.

not asserted by Defendant KeyCorp. [Doc. 59.]

## II. Legal Standard

### A. Federal Rule of Civil Procedure 26(a)(1)(A)

Fed. R. Civ. P. 26(a)(1)(A) requires a party to disclose, without awaiting a discovery request, "the name . . . of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses. . . . "

These initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Fed. R. Civ. P. 26(a)(1)(C).

### B. Federal Rule of Civil Procedure 37(c)(1)

Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

## III. Analysis

The Court grants Plaintiff Sollitt's motion to strike the declaration of Laura Haskins because she was not properly identified in KeyCorp's initial disclosures and KeyCorp's failure to identify her was neither substantially justified or harmless.

In light of Haskins's declaration, it is clear that at the time that Rule 26(a) initial disclosures were made, Haskins had discoverable information that KeyCorp may have used to support its claims or defenses; in her declaration, Haskins testified regarding the business purpose for implementing

Case No. 1:09-CV-43
Gwin, J.

the IronPort software that was used to monitor employee e-mail activity and about the Plaintiff's computer usage. [Doc. 45.] Defendant KeyCorp waited to provide Haskins's declaration until the day that summary judgment motions were due – July 6, 2009 – long after initial disclosures should have been made. As a result, the Plaintiff was unable to conduct discovery with regard to Haskins.

Because the failure to disclose Haskins's identity and the subject of the discoverable information in her possession was neither substantially justified or harmless, Defendant KeyCorp cannot use this witness or her information to supply evidence for its summary judgment motion. The Court therefore strikes the declaration of Laura Haskins.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiff's motion and orders that Laura Haskins's declaration be stricken.

IT IS SO ORDERED.

Dated: August 6, 2009      s/ *James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE