UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                  :
KEVIN JOHN SOLLITT                                :
                                                  :     CASE NO. 1:09-CV-43
         Plaintiff,                               :
                                                  :
    v.                                            :     OPINION & ORDER
                                                  :     [Resolving Doc. Nos. 92, 93, 95 & 96.]
KEYCORP, *et al.*                                 :
                                                  :
         Defendants.                              :
                                                  :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this opinion and order, the Court denies the requested costs of Defendants KeyCorp and KeyBank, N.A. [Docs. 92.]

Although Rule 54(d) creates a presumption that a successful party may recover her costs, a district court may deny costs to a successful litigant in a "close and difficult" case. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730, 732-33 (6th Cir. 1986); *U.S. Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966). The Sixth Circuit has explained that "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White, Inc.*, 786 F.2d at 732-33.

This case was "close and difficult." Although Plaintiff Kevin John Sollitt's claim failed on three independent grounds, the clarity and jeopardy elements presented nuanced questions of law on which no binding precedent squarely controlled. [Doc. 88 at 98-11.] Moreover, on the causation

-2-

Case No. 1:09-CV-0043
Gwin, J.

issue, Sollitt was unable to show that Richard Owens, the individual who terminated him, knew about his complaints, but he did introduce evidence suggesting that his direct supervisor typically informed Owens about those kinds of complaints.  [Doc. 88 at 12.]  Although this Court found insufficient evidence to establish causation, the Plaintiff could not discover this relevant evidence before filing or continuing this action.

      Hence, the Court **DENIES** the Defendants' requested costs.

      IT IS SO ORDERED.


Dated: November 9, 2009                        s/      *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE